RUSS AUGUST & KABAT
Brian D. Ledahl (CA SB No. 186579)
Paul A. Kroeger (CA SB No. 229074)
Neil A. Rubin (CA SB No. 250761)
Jacob R. Buczko (CA SB No. 269408)
Minna Y. Chan (CA SB No. 305941)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
bledahl@raklaw.com
prkoeger@raklaw.com
nrubin@raklaw.com
jbuczko@raklaw.com
mchan@raklaw.com

*Attorneys for Plaintiff Document Security Systems, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CREE, INC., <br><br> Defendant. | Case. No. 2:19-cv-08141 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Document Security Systems, Inc. ("DSS" or "Plaintiff") makes the following allegations against Defendant Cree, Inc. ("Cree" or "Defendant").

**PARTIES**

1. Document Security Systems, Inc. is a publicly-traded New York corporation. Founded in 1984, DSS is a global leader in brand protection, digital security solutions and anti-counterfeiting technologies.

2. In November 2016, DSS acquired a portfolio of patents covering technologies used in Light-Emitting Diode ("LED") lighting products, including the patents-in-suit. The patents in this portfolio were originally assigned to Agilent Technologies, Inc. and/or the successors of its LED business.

3. On information and belief, Cree, Inc. is a North Carolina corporation with its principal place of business at 4600 Silicon Drive, Durham, North Carolina 27703-8475. Defendant Cree, Inc. can be served through its registered agent, CT Corporation System, 818 W 7th St. Suite 930, Los Angeles, CA 90017.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because, among other reasons, Defendant has committed acts within the Central District of California giving rise to this action and has established minimum contacts with the forum state of California. Defendant directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit. Thus, Defendant purposefully availed itself of the benefits

of doing business in the State of California and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Cree is registered to do business in the State of California, and has an office and regular and established place of business at 340 Storke Road, Goleta, California 93117.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant has a regular and established place of business in this District and has committed acts of patent infringement in this District. Defendant, for example, has a regular and established place of business at 340 Storke Road, Goleta, California 93117.

## BACKGROUND

7. DSS is the owner by assignment of United States Patent No. 6,784,460 (the "'460 Patent") entitled "Chip shaping for clip-chip light emitting diode." The '460 Patent was duly and legally issued by the United States Patent and Trademark Office on August 31, 2004. A true and correct copy of the '460 Patent is included as Exhibit A.

8. DSS owns all rights, title, and interest in and to the '460 Patent, including all rights to sue and recover for past and future infringement.

## COUNT I
## INFRINGEMENT OF THE '460 PATENT

9. DSS references and incorporates by reference paragraphs 1 through 8 of this Complaint.

10. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that infringe various claims of the '460 Patent, and continues to do so. By way of illustrative example, Defendant's infringing products include without limitation, all versions and variations, including predecessor and successor models, of its "Direct Attach" LEDs, including but not limited to Defendant's DA1000, DA2432 and products including those LEDs as well as Defendant's XLamp XB-D, XLamp XQ-B, XLamp XQ-D, XLamp XT-E, XLamp

MM-R2, and XLamp M-G2 products. Defendant's infringing products also include products, e.g., light bulbs, displays, packaged LEDs and fixtures that contain at least one infringing LED product. Defendant's infringing products are collectively referred to hereinafter as "Accused Instrumentalities."

11. On information and belief, Defendant has directly infringed and continues to directly infringe the '460 Patent by, among other things, making, using, offering for sale, selling, and/or importing the Accused Instrumentalities. On information and belief, such products and/or services are covered by one or more claims of the Patent's including at least claims1 because they contain each element of those claims.

12. As an illustrative example, Defendant make, imports, sells and offers to sell its Direct Attach LED products. For example, Defendant's DA2432 LED infringes, for example, Claim 1 of the '460 patent because it is a semiconductor light-emitting diode of flip-chip design, comprising a light emitting region including a negatively doped layer, a positively doped layer, and an active p-n junction layer between said negatively doped layer and said positively doped layer:



13. Defendant's DA2432 also includes a transparent substrate overlying said light-emitting region:



14. Defendant's DA2432 includes a substrate having a pyramidal shape so that said substrate has cross-sectional area that decreases with distance from said junction and wherein lateral extent of said substrate is bound by lateral extent of a doped layer nearest to the transparent layer. As shown below, the p-n junction layer of the flip chip is towards the bottom of the LED and the substrate lies above it. The substrate has less cross-section area as the section moves upwards, and the substrate does not extend laterally beyond any other layers:





15. Defendant's DA2432 includes ohmic contacts, i.e. anode and cathode contacts, for forward biasing said junction layer so that at least most of the light is emitted from the junction layer into the surrounding environment is emitted through said substrate. Shown below are the contacts lying below the junction layer and the light emitting pattern of the product. In addition, the product has reflective layers that ("mirror") that also send most of the light through the substrate at the top of the product:

CxxxDA2432-Sxxx00-2 Chip Diagram

Top View — 240 x 320 μm
Side View — Thickness 140 μm
Bottom View — Anode (+) 170 x 60 μm, Gap 60 μm, Cathode (-) 145 x 105 μm

Radiation Pattern
This is a representative radiation pattern for the DA LED product. Actual patterns will vary slightly for each chip.

**Better Epi, not More**

2011

- SiC Substrate
- InGaN epi MQW growth
- Mirror
- Isolation layer
- Contacts and vias
- Flip
- Under-fill
- Bevel cut
- Surface cut

Blue light from InGaN epi layer
Yellowish light from phosphor layer

Figure 8: Light from DA chip based XLamp XB-D and XT-E LEDs

To improve light extraction, there are bevel cuts on the top surface of a DA chip LED. These make the phosphor thickness across the chip

Cree XLamp® XB-D and XT-E LEDs are built with the latest Cree SC³ Technology™ Platform. At the core of the SC³ Technology Platform is Cree's latest generation of silicon carbide based Direct Attach (DA) LED chips that deliver the highest flux and efficacy and industry-best reliability.

Cree XLamp XB-D and XT-E white LEDs are based on DA chip technology.

Figure 4: Perspective view of DA chip

16. By making, using, offering for sale, selling, and/or importing the Accused Instrumentalities infringing the '460 Patent, Defendant has injured DSS and is liable to DSS for infringement of the '460 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

17. In addition, Defendant is actively inducing others, such as its affiliates, customers, and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claim 1 of the '460 Patent, in violation of 35 U.S.C. §§ 271(b) and/or 271(f). Upon information and belief, Defendant's customers and/or end users have directly infringed and are directly infringing—and/or combining outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claim 1 of the '460 Patent. Defendant has had actual knowledge of the '460 Patent at least as of service of this Complaint. Defendant is knowingly inducing its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '460 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement. Defendant's inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States— the '460 Patent. The Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '460 Patent. Defendant knows and intends that customers that purchase the Accused Instrumentalities will use those products for their intended purpose.

18. Defendant also specifically intends its customers infringe the '460 Patent through importing and use of the Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides. Defendant also specifically intends its customers to infringe the '460 Patent through selling Accused Instrumentalities overseas with the specific intent that the customer import, offer to sell, and/or sell the Accused Instrumentalities in the United States in order to develop and serve the United States market for Defendant's LED products, either alone or used in products such as packaged LEDs, bulbs, displays and/or fixtures. Such customers include Defendant's LED distributors, consumer products companies and retailers that serve the United States market. See http://www.cree.com/led-components/where-to-buy, naming Arrow Americas, Avnet, Digi-Key, Mouser Electronics, and WPG Americas as United States "Distributor[s]."

19. Defendant has been aware of the '460 Patent and of its infringement no later than its issue date of August 31, 2004, when during the prosecution of Defendant's U.S. Patent Application No. 10/836,743, the patent examiner cited the patent application leading to the '460 patent to Cree. The '460 patent was then cited, both by Cree and the patent examiner, during prosecution of at least 8 different Cree U.S. Patent Applications up to 2015. Since that date, Defendant has failed to investigate and remedy its infringement of the '460 Patent and thus willfully and egregiously continues to infringe the '460 Patent. On information and belief, Defendant continues to offer infringing products without having modified or altered those products in a manner that would not infringe the '460 patent. Defendant, at the very least, has been egregiously and willfully blind to infringement of the '460 Patent. Defendant actively induces and encourages customers to make, use, sell, offer to sell and/or import the Accused Instrumentalities with knowledge that these acts constitute infringement of the '640 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendant's LED products and consumer devices that include Defendant's products.

20. As a result of Defendant's infringement of the '460 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A. A judgment that Defendant has infringed one or more claims of the '460 Patent;

B. A judgment and order requiring Defendant to pay DSS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order requiring Defendant to provide accountings and to pay supplemental damages to DSS, including, without limitation, prejudgment and post-judgment interest;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DSS its reasonable attorneys' fees against Defendant; and

E. Any and all other relief to which DSS may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSS requests a trial by jury of any issues so triable by right.

Dated: September 19, 2019     By: */s/ Brian Ledahl*

RUSS AUGUST & KABAT
Brian D. Ledahl (CA SB No. 186579)
Paul A. Kroeger (CA SB No. 229074)
Neil A. Rubin (CA SB No. 250761)
Jacob R. Buczko (CA SB No. 269408)
Minna Y. Chan (CA SB No. 305941)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com
Email: pkroeger@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: jbuczko@raklaw.com
Email: mchan@raklaw.com

Attorneys for Plaintiff,
*Document Security Systems, Inc.*