RUSS AUGUST & KABAT
Brian D. Ledahl (CA SB No. 186579)
Paul A. Kroeger (CA SB No. 229074)
Neil A. Rubin (CA SB No. 250761)
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
bledahl@raklaw.com
pkroeger@raklaw.com
nrubin@raklaw.com

Attorneys for Plaintiff and Counter-Defendant
DOCUMENT SECURITY SYSTEMS, INC.

KRISTIN GRAHAM NOEL, *pro hac vice*
kristin.noel@quarles.com
MATTHEW J. DUCHEMIN, *pro hac vice*
matthew.duchemin@quarles.com
ANITA MARIE BOOR, *pro hac vice*
anita.boor@quarles.com
QUARLES & BRADY LLP
33 East Main Street, Suite 500
Madison, WI 53520
Telephone: 608.251.5000
Facsimile: 608.251.5139

DARREN M. FRANKLIN, Cal. Bar No. 210939
dfranklin@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant and Counter-Claimant
CREE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CREE, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 2:19-cv-08141 GW (AGRx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> **NOTE CHANGES MADE BY THE COURT** <br><br> Discovery Document - Referred to Magistrate Judge Alicia G. Rosenberg |

**1.     Definitions**

(a)   "Document" is defined to be synonymous in meaning and equal in scope to the definition of that term in Fed. R. Civ. P. 34(a).

(b)   "Counsel of Record" is any attorney, paralegal, technology specialist or employee of any law firm that files an appearance as counsel of record in this litigation for one of the named parties.

(c)   "Information" shall mean and include information contained in or ascertainable from any Materials and any information derived from confidential site visits, inspections, or analyses of confidential product samples or software.

(d)   "Materials" shall mean documents, portions of documents, product samples, answers to interrogatories, responses to requests for admissions, deposition testimony, trial testimony, and transcripts of deposition testimony and trial testimony, including data, summaries, and compilations derived therefrom.

(e)   "Producing Party" shall refer to any party to this action, or to any third party (whether voluntarily or pursuant to subpoena), who discloses, testifies about, produces, or makes available for inspection any Information or Materials under any of the confidentiality designations defined in Sections 1(g)-(i).

(f)   "Receiving Party" shall refer to any person who receives Information or Materials designated under any of the confidentiality designations defined in Sections 1(g)-(i) from a Producing Party.

(g)   "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY INFORMATION" shall mean information that is so commercially sensitive that disclosure of the information to unaffiliated parties or third parties would likely harm the competitive or commercial position of the Designating Party or reveal highly confidential personal or financial information, including by way of non-limiting example:

(i) non-public technical documents, including schematic diagrams, engineering drawings, engineering notebooks, specifications, formulations, research notes and materials, and any other non-public materials related to technology;

(ii) non-public information related to a Party's products, services and/or platforms, or products, processes and/or platforms under development;

(iii) non-public source code and/or proprietary software;

(iv) non-public documents related to parties' prosecution of patents that have not yet been published;

(v) non-public financial and marketing information;

(vi) non-public business plans;

(vii) non-public price lists and pricing information;

(viii) non-public license agreements, licensing policies, or other related documents;

(ix) non-public customer information;

(x) non-public personal financial information; and

(xi) information obtained from a third party pursuant to a current non-disclosure agreement.

All parties will use reasonable care to limit their designations of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to Information and Materials that they reasonably believe falls into this category.  Nonetheless, technical information such as would trigger the prosecution bar in paragraph (h) below must be designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR".

(h) "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR INFORMATION" shall mean HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY INFORMATION of a technical nature, including

without limitation, information relating to the producing Party's products, processes and/or platforms; or research and development on proposed new products, processes and/or platforms; internal process specifications; protocols, source code, and proprietary software, that is particularly sensitive or competitive and which warrants the imposition of a prosecution bar, as described herein.

(i)  "CONFIDENTIAL INFORMATION" shall mean any information that is not designated as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR, but which a Party maintains as confidential in the ordinary course of its business.  Such information can be disclosed to employees of an adverse party who have signed the undertaking attached to the proposed protective order as Exhibit B and who have been disclosed to the producing party.

(j)  The terms "this action," "this litigation," "this lawsuit," and "this matter" shall refer interchangeably to *Document Security Systems, Inc. v. Cree, Inc.*, Case No. 2:19-cv-08141-GW-AGR (C.D. Ca.).

**2.     Confidentiality Designation**

Any party may designate any Materials or premises made available for inspection under any of the confidentiality designations defined in Sections 1(g)-(i) if the Materials or premises contain Information that meets the definition of the selected confidentiality designation.

(a)  Materials, other than deposition testimony and transcripts thereof, shall be so designated by placing the appropriate one of the phrases "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY," "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR," or "CONFIDENTIAL" on the Materials containing such Information.

       (i)      In the case of native electronic files produced by a party, such phrase shall be inserted as part of the filename of the document in a visible manner.

       (ii)     In the case of paper documents or documents produced as TIFF images, such phrase shall be placed on each page of the document.

       (iii)    In the case of product samples, such phrase shall be affixed by sticker or label to the product itself in a visible manner that minimally obscures relevant information, and a cover letter accompanying production of such samples shall also indicate that the sample has been designated as such.

       (iv)    In the case of premises or things to be inspected, such premises or things shall be designated in writing by the Producing Party to the Receiving Party at least fourteen (14) business days in advance of any inspection, unless the parties agree in writing otherwise.

    (b)  Deposition testimony shall be so designated by counsel for any party by indicating one of the confidentiality designations from Section 1(g)-(i) verbally and on the record at the time of the deposition, or, thereafter, in writing until the expiration of a period of fourteen (14) calendar days after the receipt of a final deposition transcript.  Video, DVD, audio or other recorded versions of the depositions will automatically have the same designation as the corresponding transcript.  For such time as any information or documents designated as confidential under any of Sections 1(g)-(i) are disclosed in a deposition, the party whose information or documents are to be disclosed shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order.

**3.    Restrictions on Disclosure and Use**

(a)   No person may disclose to another person or entity any Information contained in or derived from any Materials or premises designated by a party to be HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR in accordance with Sections 1(g)-(i) without prior written or on-the-record authorization from the party that made the designation unless:

(i)    the recipient is Counsel of Record, provided that such recipient is not a current or former employee or officer of any party and are not expecting to be employed by any party;

(ii)   the recipient is a court reporter undertaking his/her duties in a deposition or other examination relating to this matter;

(iii)  the recipient is a contractor retained by a Counsel of Record in connection with the copying, storage, or processing of documents under the employ or supervision of Counsel of Record and has agreed to maintain strict confidentiality of the Materials;

(iv)   the recipient is a graphics consultant, jury consultant, translator, interpreter, or similar litigation service provider retained by a Counsel of Record, if said provider has signed an agreement to be bound by the terms of this Order in the form attached hereto as Exhibit A;

(v)    the recipient is an expert (or a member of the expert's staff) retained by a Counsel of Record in connection with inspection, analysis, and/or formation of an opinion for testimony or negotiation of this matter and

(A)   is not otherwise currently, regularly, or expecting to be employed by any party;

-6-
SMRH:4832-1498-1564.1                                          STIPULATED PROTECTIVE ORDER

|   |   |   |   |
|---|---|---|---|
| | | (B) | has signed an agreement to be bound by the terms of this Order in the form attached hereto as <u>Exhibit A;</u> and |
| | | (C) | has been qualified under this Protective Order in accordance with the process set forth in Section 4; |
| | (vi) | | the recipient is an employee, officer or director of the party who designated the document, deposition transcript, thing, or premises as Highly Confidential-Outside Counsel Only or Highly Confidential-Outside Counsel Only-Prosecution Bar; |
| | (vii) | | the recipient is the author, is the addressee, is copied on, or is otherwise indicated to be a lawful recipient of the document as indicated by the document or its source; |
| | (viii) | | the recipient is a Judge, Magistrate Judge, law clerk, clerk, or other employee of a court before which this matter is at that time pending; or |
| | (ix) | | the recipient is a mediator of the dispute underlying this action, provided that the mediator has signed an agreement to be bound by the terms of this Order in the form attached hereto as <u>Exhibit A.</u> |

(b) Materials, Information, and premises designated as "CONFIDENTIAL" shall be viewed only by the persons identified in Sections 3(a) in accordance with the provisions of that Section, as well as the additional individuals listed below, provided that each such additional individual has read this Order and executed an acknowledgement and agreement to be bound in the form attached hereto as <u>Exhibit B</u> and that such executed exhibit is retained by the Receiving Party and served upon the Producing Party:

    (i)    Employees and agents of the parties involved in this action having a need to know the information in connection with the prosecution or defense of this action;

  (ii) Technical personnel of the parties with whom counsel for the parties find it necessary to consult in preparation for trial of this action; and

  (iii) Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

 (c) No use shall be made of Confidential, Highly Confidential-Outside Counsel Only, or Highly Confidential-Outside Counsel Only-Prosecution Bar Information, Materials, or premises by any recipient under subsections (a)-(b) except in connection with the judicial or private resolution of this matter.

 (d) Nothing herein shall prevent a person from disclosing or using Information, Materials, or premises designated confidential under this Protective Order, but lawfully acquired without restriction by that person other than through production or disclosure in this matter. Nothing herein shall prevent a party from relying on any legal basis other than this Protective Order in seeking to restrict such disclosure or use.

## 4. Procedure for Qualifying Experts and Consultants

In order for an independent expert or a consultant to be permitted access to Materials, Information, and premises designated confidential under this Protective Order, the Counsel of Record wishing to provide such access must notify the Designating Party in writing at least seven (7) calendar days before allowing such access (or such shorter period to which the Designating Party agrees in writing). The identification of an expert or consultant pursuant to this Protective Order shall not be construed as the identification of an expert trial witness under Federal Rule of Civil Procedure 26(a)(2), and shall not constitute a waiver of attorney work-product protection or the attorney-client privilege.

    (a) *Contents of the Written Notification*: Such written notice shall include the following:

        (i) the name of the expert or consultant;

        (ii) the present employer and title of the expert or consultant;

        (iii) an executed copy of the form attached hereto as <u>Exhibit A</u>;

        (iv) a current curriculum vitae that lists all employers and clients to whom the expert or consultant has provided services in the past four (4) years;

        (v) a listing of all cases in which the expert or consultant has testified as an expert at trial or by deposition within the last four (4) years; and

        (vi) a listing of engagements by the expert or consultant for a party to this action on any matter substantially related to the subject matter of this case.

    (b) *Objections*: Before the seven (7) calendar day period from the receipt of the written notification has expired, a Producing Party may object in writing to the disclosure of Materials, Information, and premises designated confidential under this Protective Order to the expert or consultant in question. If no such written objection is made within the seven (7) calendar day period, then the expert or consultant shall be deemed qualified under the Protective Order and such Materials, Information, and premises may be disclosed to the expert or consultant pursuant to this Order. If an objection is made, such Materials, Information, and premises shall not be disclosed to the expert or consultant until the objection is resolved. To resolve the objection, the parties must first meet and confer in good faith to attempt to reach an agreement or accommodation concerning the objection. If the objection is not resolved by meet and confer, the objecting party shall file a motion with respect to its objection within seven (7) calendar days after service of the notice of written objection to disclosure. If the objecting party does not file the appropriate

motion with the Court within that time, or within any additional time as may be granted by the Court or agreed to by the parties, the objecting party waives its right to challenge the disclosure of such Materials, Information, and premises to the identified expert or consultant, and the identified expert or consultant shall be deemed qualified under this Protective Order. If a motion challenging disclosure is timely filed, an identified expert or consultant shall not be provided access to any such Materials, Information, or premises until such motion is resolved.

**5. Advice of Counsel and Privilege**

(a) Nothing in this Protective Order shall bar or otherwise restrict any attorney from relying upon his or her examination of Materials or premises designated confidential under any of Sections 1(g)-(i) in rendering advice to his or her client with respect to this matter. In rendering such advice or in otherwise communicating with his or her client, however, the attorney shall not disclose the content (in whole or in part) of any such Materials or Information, nor explain the attributes of or occurrences in such premises, unless the client is permitted to receive such information pursuant to Sections 3(a), 3(b), or 3(d).

(b) The parties agree that communications between a party and that party's Counsel of Record and/or other counsel (*e.g.*, representing a party in connection with an *inter partes* review or reexamination relating to the patents-in-suit) that (1) are protected from disclosure under the attorney-client privilege and (2) were made after the date of filing of this litigation, need not be identified on a privilege log if responsive to a written discovery request.

(c) The parties agree that draft copies of expert reports in this litigation, and attorney communications with experts in this litigation will not be subject to discovery and shall not be admissible. However, all materials and information that an expert relied upon in connection with his or her opinions expressed in the final expert report shall be discoverable.

### 6. Prosecution Bar

Each person who receives any Materials or Information or inspects any premises pursuant to this Protective Order that were designated as HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR, or testimony or other discovery containing or describing such designated material, from the time such designated material is received until one (1) year following the final resolution of this litigation, including appeals, shall not

    (i)    supervise or participate in the drafting, filing, or prosecuting of patent applications related to the subject matter of the patents-in-suit or

    (ii)    provide (verbally or in tangible form, in whole or in part) such Material or Information, or Information gained from such inspection, to any person involved in the drafting, filing, or prosecuting of patent applications related to the subject matter of the patents-in-suit.

This provision shall not apply to documents, information, or things of a non-technical nature, including by way of non-limiting example, purely financial, sales, or marketing documents. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of claims of pending patent applications, and excludes post-issuance challenges of a patent. Where a party uses its own HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY- PROSECUTION BAR designated Materials with a witness, that alone will not trigger the prosecution bar.

### 7. Disputes Regarding Confidential Designations

Any party may move, consistent with the Court's scheduling order, for a ruling that a document or category of documents designated as one of the confidentiality designations in Section 1(g)-(i) is not entitled to such status and protection. The party who made the designation shall bear the burden of showing

1 that the designation was warranted.  Such a motion may be filed not less than seven
2 (7) calendar days after the moving party serves a written request for modification
3 upon the party who designated the information confidential hereunder.

**8.     Inadvertent Failure to Designate; Inadvertent Production**

A party who inadvertently fails to designate a document or deposition testimony or other Materials, Information, or premises as confidential under any one of Sections 1(g)-(i) does not thereby waive the right belatedly to do so, but the recipient of the Materials or Information, or the visitor to such premises, so inadvertently unmarked shall not suffer sanction for disclosure of the Materials or Information, or Information derived from such premises, prior to the date on which it receives actual notice of the confidential nature of the Materials, Information, or premises.  The parties agree to cooperate to minimize the publication of any inadvertently disclosed Material, Information, or premises.  All copies of the inadvertently disclosed Material Information, and premises shall be retrieved by Counsel of Record from any person who would not have been allowed access to it if it had been properly designated.

Inadvertent production of Materials and Information subject to work product immunity or the attorney-client privilege shall not, by that act alone, constitute a waiver of the immunity or privilege, provided that the producing party notifies the receiving party in writing promptly upon learning of same.  Such inadvertently-produced Materials and Information, and all copies thereof, shall be returned to the producing party upon request.  No use may be made of such Materials and Information subsequent to the request to return them except as determined by the Court.   Nothing in this Order shall prevent any party from requesting that the Court order the production of any such inadvertently produced Materials and Information; however, the fact of the inadvertent production shall not be used as an argument that the attorney client privilege or other protections have been waived by the producing party.  Nothing in this Order prevents any party from petitioning the Court for return

-12-

of later discovered, inadvertently produced Materials and Information that are subject to work product immunity or attorney-client privilege.

**9.     Filing and Use of Confidential Material in Court Proceedings**

(a)   If a party believes it is necessary to file documents containing or describing all or a portion of the content of any Materials, Information, or premises designated confidential under any of Sections 1(g)-(i), it shall file such documents with an application to file under seal in accordance with the Local Rule 79-5 and the Court's rules and procedures.  Documents filed under seal shall be clearly marked with the words "FILED UNDER SEAL" in addition to the phrase required by Section 2, and shall be disclosed and used solely in accordance with the terms and conditions of this Protective Order.

(b)   When a party anticipates that it may be necessary to use Materials, Information, or documents containing or summarizing all or a portion of any Materials, Information, or premises designated confidential under any of Sections 1(g)-(i) at trial or in any hearing before the Court, such party shall notify the other party as soon as reasonably possible so the parties can cooperate to request appropriate confidentiality safeguards from the Court.

**10.    Procedure Upon Conclusion of the Action**

Upon conclusion of *Document Security Systems, Inc. v. Cree, Inc.*, Case No. 2:19-cv-08141-GW-AGR (C.D. Ca.) (whether by agreement of the parties or by the passage of time beyond the last day for final appeal), whichever is later, the Receiving Party will, at the request and option of the Designating Party, either destroy and certify such destruction or return to the Designating Party all Materials and all documents summarizing or describing Materials, Information, or inspections of premises designated confidential by the Designating Party under this Protective Order;  provided, however, that work product, briefs, transcripts and exhibits to transcripts, and other court papers prepared for use in this matter need not be returned or destroyed, but may be retained only by the parties' Counsel of Record

and, if so retained, shall be maintained in accordance with the provisions and confidentiality restrictions of this Protective Order.

## 11. Continuing Obligations of Confidentiality

(a) Neither the termination of this lawsuit nor the termination of employment of any person who has had access to any Materials or Information designated confidential under this Protective Order shall relieve such person from the applicable obligations to maintain confidentiality of such Materials and Information, as and for the period of time required hereunder.

(b) Neither the execution of this Protective Order, nor the designation or failure to designate any Materials, Information, or premises as confidential under one of Sections 1(g)-(i) by any party, nor the treatment of such Materials, Information, or premises as confidential as required hereunder, shall be construed as an admission by the Receiving Party that the Materials, Information, or premises constitutes the proprietary intellectual property of the Producing Party, including without limitation whether the Materials, Information, or premises is protected from use by copyright or patent protection or as a trade secret or otherwise.

(c) Nothing herein shall modify, or in any way excuse any party from, any preexisting obligation to maintain the confidentiality of any Materials, Information, or premises, except that such Materials and Information may be used or disclosed in accordance with the provisions of Sections 3 and 4.

## 12. Non-Party Discovery

In the event discovery is taken of any person not a party to the lawsuit, such person shall be provided with a copy of this Stipulated Protective Order and may avail itself of its protections by designating Materials, Information, and premises in accordance herewith.

## 13. Modifications Hereto

The parties may, from time to time and without the need for approval by the Court, agree to additional terms under which Materials, Information, and premises

-14-
SMRH:4832-1498-1564.1                                                STIPULATED PROTECTIVE ORDER

designated as confidential hereunder may be disclosed to others and shall promptly reduce any such additional agreements to writing.

**14. Violations**

The parties agree that violations of this Protective Order may be subject to sanctions as this Court or other court with jurisdiction over the individual, may deem appropriate, which may include, without limitation, monetary fines or other sanctions for contempt of court, and damages sufficient to compensate the party whose Confidential, Highly Confidential—Outside Counsel Only or Highly Confidential-Outside Counsel Only-Prosecution Bar information was improperly disclosed.

**SO ORDERED.**

_____
Honorable Alicia G. Rosenberg
United States Magistrate Judge

Dated: June 3, 2020

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CREE, INC., <br><br> Defendant. | Case No. 2:19-cv-08141 <br><br> **EXHIBIT A** <br><br> **UNDERTAKING TO ABIDE BY PROTECTIVE ORDER** |

I, _____, declare that my address is _____.
My current employer is _____.
My current occupation is _____.

1. I have received a copy of the Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

2. I understand that I am to retain all documents or other Materials and Information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY - PROSECUTION BAR" that I receive pursuant to the Order, and all copies, notes, summaries, recordings, or other reproductions thereof made by me, for me, or at my direction, in a safe and secure place and allow limited access thereto consistent with the Order. I understand that all such documents, Materials, copies, notes, summaries, recordings, and other reproductions are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to Counsel of Record for the party who provided the Information or Materials to me. I understand that, upon completion of my assigned duties, any Materials, memoranda, recordings, summaries, work notes, or other documents

derived from such documents or Materials, or containing any confidentially-designated Information, shall be destroyed.  I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Order.

3. I agree to (a) notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, and (b) provide them with an unsigned copy of this Declaration.

4. I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Materials and Information marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY - PROSECUTION BAR" that are disclosed to me.

5. Promptly upon termination of this action, I will return or destroy all Materials, memoranda, recordings, summaries, work notes, or other documents derived from such documents or materials, or containing any Information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY - PROSECUTION BAR" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained, or who noticed my deposition.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in these actions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____       _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CREE, INC., <br><br> Defendant. | Case No. 2:19-cv-08141 <br><br> **EXHIBIT B** <br><br> **UNDERTAKING TO ABIDE BY PROTECTIVE ORDER** |

I, _____, declare that my address is _____.

My current employer is _____.

My current occupation is _____.

1. I have received a copy of the Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

2. I understand that I am to retain all documents or other Materials and Information designated as "CONFIDENTIAL" that I receive pursuant to the Order, and all copies, notes, summaries, recordings or other reproductions thereof made by me, for me, or at my direction, in a safe and secure place and allow limited access thereto consistent with the Order. I understand that all such documents, Materials, copies, notes, summaries, recordings, and reproductions are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to Counsel of Record for the party who provided the Materials or Information to me. I understand that, upon completion of my assigned duties, any Materials, memoranda, work notes, recordings, summaries, or other documents derived from such documents or Materials, or containing any confidentially- designated Information,

shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Order.

3. I understand that I am not permitted to receive, review, visit, or retain any Materials, Information, or premises designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY - PROSECUTION BAR." If I find that I have been given access to such Materials or Information, I agree not to review such Materials or Information, to keep them confidential, and to immediately notify Counsel of Record.

4. I agree to (a) notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order, and (b) provide them with an unsigned copy of this Declaration.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Materials and Information marked "CONFIDENTIAL" that are disclosed to me.

6. Promptly upon termination of this action, I will return or destroy all Materials, memoranda, recordings, summaries, work notes, or other documents derived from such documents or materials, or containing any Information designated "CONFIDENTIAL" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorneys for the party by whom I am employed or retained, or who noticed my deposition.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in these actions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____           _____